UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANONYMOUS,<br><br>Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>Defendants. | Civil Action No. 25-112 (JEB) |

**MEMORANDUM OPINION AND ORDER**

In a Complaint styled as a "Petition for Redressing of Grievances," an anonymous Plaintiff seeks sweeping reforms to how federal courts facilitate access to justice for the poor and disadvantaged. See ECF No. 5 (Am. Compl.) at ECF pp. 1–2. The petition reads more like a manifesto than a traditional complaint, proposing policies that purport to enhance transparency and accessibility in American legal processes, including, among other things, law-library access for *pro se* litigants, see id. at ECF pp. 5–9, standardized educational materials for litigation and legal research, see id. at ECF pp. 22–24, and insurance schemes to cover damages from law-enforcement operations. See id. at ECF pp. 50–51. Accompanying this unconventional filing were Motions to Proceed Under Pseudonym, see ECF No. 3 (Pseudo. Mot.) and to Seal Portions of Plaintiff's *In Forma Pauperis* Application. See ECF No. 2 (Sealing Mot.). After this Court rejected those Motions for failing to address the required factors, see Minute Orders of January 22, 2024, Plaintiff consolidated his Motions and refiled. See ECF No. 4 (Rev. Mot.). This Court delayed assessing those Motions until Plaintiff amended his Complaint to name defendants and allege an injury, which he has now ostensibly attempted to do. See Minute Order

1

of Feb. 24, 2025; Am. Compl. at 1 (including as Defendants leaders of all three branches of federal government). As such, the Court now turns to Plaintiff's Motion.

Plaintiff, who mysteriously describes himself as subjected to "injury and torture" and heading toward an "enevitable [*sic*] early death," Am. Compl. at ECF p. 2, is indeed no stranger to the value of public discourse, having spent time "standing in front of The White House, Congress, and the Supreme Court, [i]n likely freezing temperatures." Id. at ECF p. 50. But he contends that disclosure of his identity in this case would be an unnecessary distraction from his argument, asserting that revealing it would subject him to retaliation from unnamed "civilly responsible" parties. See Rev. Mot. at 2, 4. Plaintiff's vague, unsubstantiated fears of retribution, however, cannot substitute for the concrete factual allegations required to overcome the presumption in favor of open judicial proceedings. Because Plaintiff has not surmounted the significant hurdles to proceed pseudonymously and file under seal, the Court will deny both Motions.

**I.    Legal Standard**

Generally, a plaintiff filing a civil action must identify the parties and file on the public docket. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). Since Plaintiff seeks to proceed both pseudonymously and under partial seal, the Court reviews the legal standards for both motions.

A.  Pseudonymity

The identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to

proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

B.  Sealing

"The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." Hardaway v. D.C. Hous. Auth., 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996)). When a party seeks to overcome this presumption and seal court records, courts engage in the six-factor inquiry described in United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980). Those factors are:

> [1] the need for public access to the documents at issue;
>
> [2] the extent of previous public access to the documents;

[3] the fact that someone has objected to disclosure, and the identity of that person;

[4] the strength of any property and privacy interests asserted;

[5] the possibility of prejudice to those opposing disclosure; and

[6] the purposes for which the documents were introduced during the judicial proceedings.

Nat'l Children's Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22).

## II.   Analysis

The Court first addresses Plaintiff's request to proceed pseudonymously and then turns to the Motion to Seal. Both inquiries begin with a strong presumption against secrecy in judicial proceedings, and in neither inquiry does Plaintiff clear the bar.

### A.   Pseudonymity

The first factor assesses whether a plaintiff seeks to proceed under a pseudonym "merely to avoid the annoyance and criticism that may attend any litigation" or, rather, to "preserve privacy in a matter of [a] sensitive and highly personal nature." In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original). Our Circuit has held that a sensitive or highly personal matter "commonly involves intimate issues such as sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors." In re Sealed Case, 971 F.3d at 327. Here, Plaintiff asserts that proceeding pseudonymously is necessary not because it protects any sensitive or highly personal information, but because disclosure of his identity would "reasonably retract from or only allow for attack and presentation of trivial issues as avoidance of the matters presented." Rev. Mot. at 2. This is precisely the kind of annoyance and criticism that may follow from any litigation, and so this factor tilts against pseudonymity.

4

The second factor concerning the "risk of retaliatory physical or mental harm" to Plaintiff, In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97), also disfavors proceeding under a pseudonym. Plaintiff asserts that "[r]etaliation is a possibility," and that pseudonymity would "greatly reduce[] that [possibility] while facilitating and permitting free speech." Rev. Mot. at 2. While no source of retaliation is identified, Plaintiff invites the Court to "[i]magine every guilty party who is [or] could be civilly responsible being angry." Id. The Court gathers from Plaintiff's Amended Complaint that those imagined parties are likely government actors, but this factor requires more than a hypothetical risk of harm. In prior cases, this Court has found this factor to counsel toward pseudonymity when plaintiffs identify specific threats of retaliation issued by government entities to themselves or to others similarly situated. See, e.g., Doe v. Fed. Republic of Germany, 680 F. Supp. 3d 1, 5 (D.D.C. 2023). That is a far cry from the harm Plaintiff asks this Court to imagine on his behalf. To treat Plaintiff's generalized fear of retaliation by Defendants — or other unspecified implicated parties — as sufficient would bend this factor toward pseudonymity for almost any plaintiff in our adversarial legal system. That would be at odds with the "presumption in favor of disclosure [of litigants' identities]," In re Sealed Case, 931 F.3d at 96.

Plaintiff fares no better under the third factor. He indicates that he is not a minor, see Rev. Mot. at 2, and he does not allege that disclosure of his identity would affect the safety or welfare of any minor. See In re Sealed Case, 971 F.3d at 326.

The fourth factor weighs toward disclosure as well. In general, "anonymous litigation is more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about "reputation" that private individuals have when they are publicly charged with wrongdoing.'" J.W. v. Dist. of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016)

(quoting Doe v. Cabrera, 307 F.R.D. 1, 8 (D.D.C. 2014)); see also Doe 1 v. George Wash. Univ., 369 F. Supp. 3d 49, 66 (D.D.C. 2019) (same). Evaluating this factor, however, also requires that the Court assess the nature of a plaintiff's requested relief. See, e.g., Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.) at 5 (D.D.C. June 11, 2024) ("When a plaintiff requests individualized relief against a government defendant — as here, where Doe challenges a yearlong delay in adjudicating his SIV application — the fourth factor favors pseudonymity.") (citation omitted); Doe v. ICE, No. 24-617, ECF No. 9 (Mem. Op.) at 5 (D.D.C. Mar. 8, 2024) (factor supported pseudonymity where "[p]laintiff allege[d] deficiencies in ICE's compliance with FOIA solely with respect to his individual request").

Here, Plaintiff seeks sweeping institutional reforms rather than individualized relief. His requests include, among other things, public access to law libraries, see Am. Compl. at ECF pp. 13–14, waived PACER fees for poor litigants, see id. at ECF pp. 20–21, the creation of a standardized guide to litigation and legal research, see id. ECF p. 27, and the creation of a "public forum . . . to address issues of government, crime, need [*sic*] and wishes." See id. at ECF pp. 52–54. All of Plaintiff's requested relief would be far more than individualized; most would affect the entire country. This factor favors disclosure.

The fifth factor examines "the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." In re Sealed Case, 971 F.3d at 326–27 (quoting In re Sealed Case, 931 F.3d at 97). This factor tilts against pseudonymity in cases in which a "governmental defendant would be prejudiced by having to defend a case without naming the plaintiff where the plaintiff nonetheless attacked the government publicly." Doe v. Teti, 2015 WL 6689862, at *3 (D.D.C. Oct. 19, 2015). Such is the case here. Plaintiff's Complaint is a laundry list of harms he claims to have suffered at the hands of the federal government, from

6

encounters with law enforcement "behaving as organized crime," Am. Compl. at ECF p. 29, to the "general confusion" resulting from the difficulties of legal research. Id. at ECF p. 26. Without knowing the identity of this aggrieved Plaintiff, the Government would be severely hampered in investigating and rebutting his sweeping allegations of systemic abuse.

In sum, none of five factors establishes for Plaintiff a "legitimate interest in anonymity." In re Sealed Case, 931 F.3d at 96. The Court will thus deny the Motion to Proceed Pseudonymously.

B. Sealing

The first factor examines "the need for public access to the documents at issue." Nat'l Children's Ctr., 98 F.3d at 1409. "The appropriateness of making court files accessible is accentuated in cases where the government is a party." United States v. All Assets Held at Bank Julius Baer & Co., 520 F. Supp. 3d 71, 81 (D.D.C. 2020) (quoting Nat'l Children's Ctr., 98 F.3d at 1409); see also Hyatt v. Lee, 251 F. Supp. 3d 181, 184 (D.D.C. 2017) ("The interest of the public and press in access to civil proceedings is at its apex when the government is a party to the litigation. The public has a strong interest in monitoring not only functions of the courts but also the positions that its elected officials and government agencies take in litigation.") (quotation marks omitted). Here, Plaintiff challenges systemic aspects of the operations of state and federal courts, naming as Defendants the President, the leaders of the House and Senate, and the entire Supreme Court, among others, see Am. Compl. at ECF p. 1, implicating a particularly strong public interest.

But the limited financial information Plaintiff seeks to seal — specifically, portions of his *in forma pauperis* application — are not central to understanding these systemic challenges. While this more "targeted" approach sometimes favors sealing, see Monbo v. United States,

7

2023 WL 7129866, at *1 (D.D.C. Sept. 7, 2023), "unsubstantiated worry about damage to one's reputation [is not] sufficiently substantial to weigh against public disclosure." <u>All Assets Held</u>, 520 F. Supp. 3d at 83.  Plaintiff has not identified any reason specific to his situation why his records should be sealed.  Because he has "voluntarily commenced a public proceeding . . . and invoked the jurisdiction of this Court to do so," <u>Upshaw v. United States</u>, 754 F. Supp. 2d 24, 30 (D.D.C. 2010), the Court falls back on the presumption of a "general public interest in the openness of . . . judicial proceedings." <u>In re Sealed Case</u>, 931 F.3d at 96 (D.C. Cir. 2019) (cleaned up).  "[T]he waiver of costs and fees accompanying a determination of [*in forma pauperis*] status are costs borne by the public.  The public has a right to be aware of how the Court spends their money." <u>Uzlyan v. Solis</u>, 2011 WL 13244882, at *2 (D.D.C. Mar. 30, 2011). This factor weighs in favor of disclosure.

      The second factor is neutral.  The public has had no previous access to the information contained within Plaintiff's *in forma pauperis* forms.  <u>See</u> <u>United States *ex rel.* Grover v. Related Cos., LP</u>, 4 F. Supp. 3d 21, 26 (D.D.C. 2013) (factor neutral regarding sealing because "the public did not have prior access to the pleadings because the Complaint was filed under seal"); <u>accord</u> <u>League of Women Voters v. Frid</u>, 2024 WL 1739205, at *3 (D.C. Cir. Apr. 23, 2024) (when "the public has not had access" to documents that plaintiffs seek to seal, factor two "does not weigh in favor of unsealing").  "There is thus no previous access to weigh in favor" of disclosure.  <u>See</u> <u>Hubbard</u>, 650 F.2d at 318–19.

      The third factor supports sealing.  A party's motion to seal weighs in favor of granting that relief.  <u>See</u> <u>Zapp v. Zhenli Ye Gon</u>, 746 F. Supp. 2d 145, 149 (D.D.C. 2010).  As is customary at this preliminary stage, no objection has been lodged, and the assigned judge remains free to revisit this sealing decision.

The fourth factor examines "the strength of any property and privacy interests asserted." Nat'l Children's Ctr., 98 F.3d at 1409. Hubbard itself contemplated that "[v]alid privacy interests might be asserted . . . in documents which reveal the intimate details of individual lives." 650 F.2d at 324. Plaintiff has provided no specific evidence of how disclosure of these standard court filings would cause concrete harm beyond the general discomfort that may attend any litigation. And an allegation of general discomfort is not enough. See All Assets Held, 520 F. Supp. 3d at 83. While courts sometimes protect economic information, such as sensitive business information or trade secrets, see Hubbard, 650 F.2d at 315, Plaintiff has identified no such specific concerns here. "Harm to reputation and career as a result of filing a lawsuit is not the sort of property or privacy interest that courts have found compelling when analyzing this Hubbard factor." Grover, 4 F. Supp. 3d at 27.

The only reason Plaintiff proffers for sealing is that revealing "private info" may expose his "personal wellbeing to attack." Rev. Mot. at 4. The Court has already explained why such generalized fears of retaliation are insufficient to justify proceeding pseudonymously, see p. 5, *supra*, and Plaintiff's reiteration of those same concerns does not transform routine financial information into the kind of intimate details that typically warrant sealing under Hubbard. This factor thus disfavors sealing.

The fifth factor, which concerns prejudice to the party opposing disclosure, is neutral. Plaintiff misapprehends this factor, as he asserts that "[t]here is no foreseen prejudice to any who would like to review the petition for grievances." Rev. Mot. at 5. Plaintiff is, of course, the party opposing disclosure, and thus the party for whom the Court assesses prejudice under this factor. "The possibility of prejudice refers to whether disclosure of the documents will lead to prejudice in future litigation to the party seeking the seal." All Assets Held, 520 F. Supp. 3d at

85 (D.D.C. 2020) (cleaned up).  Nevertheless, even if Plaintiff were to highlight the same general concerns about reputational harm and retaliation pled elsewhere in his motion, see, e.g., Rev. Mot. at 4–5, such concerns do not establish legal prejudice, and so this factor would not weigh for or against sealing.  See Friedman v. Sebelius, 672 F. Supp. 2d 54, 60–61 (D.D.C. 2009) (finding that fifth factor did not "weigh strongly" either way where "plaintiffs ha[d] not claimed that unsealing this matter would affect them in any future litigation" but "rather . . . refer[red] only to generalized reputational harm").

The sixth factor examines "the purposes for which the documents were introduced during the judicial proceedings."  Nat'l Children's Ctr., 98 F.3d at 1409.  Disclosure is typically required where "the parties explicitly intended the Court to rely on [the sealed] materials in adjudicating their dispute."  Vanda Pharms., Inc. v. FDA, 539 F. Supp. 3d 44, 57 (D.D.C. 2021) (quotation marks omitted).  Where a party seeks to seal only portions not central to the claims, however, this factor can favor sealing.  See Gilliard v. McWilliams, 2019 WL 3304707, at *5 (D.D.C. July 23, 2019) ("There is less of a pressing concern to unseal [records] if they are not relevant to the claims . . . .") (quotation marks omitted).  Here, while Plaintiff has "voluntarily commenced a public proceeding," Upshaw, 754 F. Supp. 2d at 30, the financial disclosures in the *in forma pauperis* application serve the limited purpose of establishing Plaintiff's eligibility for fee waivers rather than advancing the merits of his systemic challenges to court access.  That said, these documents are required to be filed publicly precisely because Plaintiff seeks to invoke the Court's authority to waive fees at public expense.  See Uzlyan, 2011 WL 13244882, at *2.  This factor is thus neutral.

In sum, no factors weigh in favor of sealing.  In light of the strong public interest in open judicial proceedings, the Court will deny this Motion as well.

### III. Conclusion

The Court accordingly ORDERS that:

1. Plaintiff's [4] Motion to Proceed Under Pseudonym and Leave to File Under Seal is DENIED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned; and

2. Within fourteen days of this Order, Plaintiff must file an unsealed version of his Complaint with his true name or the case will be dismissed without prejudice.

/s/ <i>James E. Boasberg</i><br>
JAMES E. BOASBERG<br>
Chief Judge

Date: April 1, 2025