UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANONYMOUS,<br><br>    Plaintiff,<br><br>    v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>    Defendants. | Civil Action No. 25-112 (JEB) |

**MEMORANDUM OPINION AND ORDER**

    An anonymous Plaintiff has sued the leaders of all three branches of the federal government seeking sweeping reforms to how federal courts facilitate access to justice for the poor and disadvantaged. See ECF No. 9 (Order) at 1–2 (describing facts). In its prior Memorandum Opinion and Order, the Court denied Plaintiff's request to proceed pseudonymously and seal the case. See id. at 11. Plaintiff now asks this Court to reconsider both determinations. See ECF No. 10 (Mot. for Reconsideration). The Court will deny the Motion.

**I.    Legal Standard**

    Plaintiff does not specify the ground upon which he seeks relief. The Court construes his Motion as one pursuant to Federal Rule of Civil Procedure Rule 54(b), which applies to orders that "may be revised at any time." Relief may be granted pursuant to Rule 54(b) "as justice requires," a standard that may be met where, for example, the court "has patently misunderstood" the parties, strayed far afield of the issues presented, or failed to consider "a controlling or significant change in the law or facts . . . since the submission of the issue."

1

Cobell v. Norton, 224 F.R.D. 266, 272 (D.D.C. 2004) (internal citations and quotation marks omitted).

**II.    Analysis**

Plaintiff's Motion does not identify any of the bases for relief under Rule 54(b), instead providing additional explications of each pseudonymity and sealing factor.  Because the Court ultimately decides against Plaintiff, it evaluates his Motion under the favorable assumption that he seeks reconsideration based on new facts.

A.  Pseudonymity

Beginning with the first factor, Plaintiff still does not assert that proceeding pseudonymously is necessary because it protects any sensitive or highly personal information. He instead explains that he is "attempting to protect my home and other addresses and background check information that discloses other info such a [sic] vehicles; and those I care about." Mot. for Reconsideration at ECF p. 2.  "If public," he explains, that information "opens me to attack." Id.  Information about one's residence and vehicles, however, is not a sensitive or highly personal matter, which "commonly involves intimate issues such as sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors." In re Sealed Case, 971 F.3d 324, 327 (D.C. Cir. 2020).  Plaintiff has not identified any risk beyond the kind of annoyance and criticism that may follow from any litigation, and so this factor tilts against pseudonymity.

As to the second factor, Plaintiff argues that he is at risk of "political retribution or actual attacks." Mot. for Reconsideration at ECF p. 2.  He contends that, if his information is disclosed, "the public could harass and harm not only me but also my landlord, leaving me homeless and unable to practice my freespeech [sic] rights." Id.  Plaintiff's claims, however, are "speculative

and unsubstantiated." John Doe Co. No. 1 v. CFPB, 195 F. Supp. 3d 9, 22 (D.D.C. 2016) (citation omitted). This case is a far cry from those in which the second factor has supported anonymity. Rather than offer "detailed declarations supported by [his] prior experiences" or those of others similarly situated, Doe v. PCAOB, 2024 WL 3954189, at *2 (D.D.C. Aug. 2, 2024); see, e.g., Emp. #1 v. Dep't of Behav. Health, 694 F. Supp. 3d 110, 114–15 (D.D.C. 2023); Doe v. USCIS, 2020 WL 11232605, at *3 (D.D.C. Sept. 8, 2020); Bird v. Barr, 2019 WL 2870234, at *5 (D.D.C. July 3, 2019), he provides no concrete basis upon which to conclude that this lawsuit might provoke retaliatory "physical or mental harm." In re Sealed Case, 971 F.3d at 326 (emphasis added) (citation omitted). The second favor therefore weighs against Plaintiff.

Because Plaintiff does not claim to be a minor, see Mot. for Reconsideration at ECF p. 2, the third factor also supports disclosure. See Doe v. Burns, No. 23-2937, ECF No. 7 (Mem. Op.) at 6 (D.D.C. Oct. 5, 2023). So, too, does the fourth factor, which Plaintiff does not address at all. See ECF Mot. for Reconsideration at ECF p. 2. The fifth factor, on the other hand, weighs in favor of pseudonymity, as Plaintiff now represents that he would be willing to provide his name to Defendants. Id.

Because only the fifth factor supports pseudonymity, the Court will deny Plaintiff's request to reconsider his Motion to Proceed Pseudonymously.

B. Sealing

Plaintiff does not address the first factor — the need for public access to the documents at issue — beyond stating in conclusory fashion, "No need for access by the public can be forseen [*sic*]." Mot. for Reconsideration at ECF p. 3. Given that showing, the Court sees no reason to reconsider its previous analysis of this factor. See Order at 7–8. Plaintiff also provides no additional information about the second, third, fourth, or fifth factors. See Mot. for

3

Reconsideration at ECF p. 3.  The Court therefore will not disturb its conclusions on those factors, each of which is neutral or weighs against sealing.

As for the sixth factor, the purpose for which the documents are introduced, Plaintiff contends that the purpose of the *in forma pauperis* forms "is court confirmation of poverty status."  Id.  True enough.  Plaintiff, however, does not explain why he believes that purpose lessens the need for public disclosure.  The Court thus will rely on its previous conclusion that this factor is neutral because "these documents are required to be filed publicly precisely because Plaintiff seeks to invoke the Court's authority to waive fees at public expense."  Order at 10.  Because none of the factors favors sealing, the Court will decline to reconsider its previous conclusion.

The Court accordingly ORDERS that Plaintiff's [10] Motion for Reconsideration is DENIED.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  April 21, 2025~~April 18, 2025~~