UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NICHOLAS WOODALL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>DONALD J. TRUMP, et al., )<br>)<br>)<br>Defendants. ) | Civil Action No. 1: 25-cv-00112 (UNA) |

### **MEMORANDUM OPINION**

Plaintiff Nicholas Woodall filed this matter on January 15, 2025, and sought, several times unsuccessfully, to file this matter under seal and under pseudonym. Ultimately, plaintiff determined to proceed with this case on the public docket, and on May 12, 2025, plaintiff filed the operative amended petition ("Am. Pet."), ECF No. 13, under his real name. The court may now preliminarily review this matter. Upon review, the court grants plaintiff's pending application for leave to proceed *in forma pauperis*, ECF No. 16, and for the reasons explained below, this matter is dismissed without prejudice.

Plaintiff, a resident of Michigan, presents a chockablock amended "petition for grievances." *See generally* Am. Pet. He sues the President of the United States, the Speaker of the U.S. House of Representatives, the President pro tempore of the United States Senate, the U.S. Supreme Court, the Executive Office for United States Attorneys, and the Attorney General for the District of Columbia. *See id*. at 2–3. The amended petition is rambling and difficult to follow, comprised largely of cryptic ruminations, hypothetical questions, and obscure and irrelevant references. *See id*. at 4–34. At root, plaintiff challenges his limited access, as a *pro se* litigant, to federal law libraries and their materials and he further contends that, given the unlimited access

afforded to attorneys barred in those jurisdictions, he has suffered an unfairness that violates his constitutional rights. *See id*. at 9–30. He asks for assorted damages and equitable relief, including for this court to "define" the appropriate level of access for *pro se* and indigent litigants to federal law libraries. *See id*. at 31.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987), and here, the amended petition fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a pleading to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). The amended petition is neither short nor plain, *see* Fed. R. Civ. P. 8(a), the allegations cannot be described as simple, concise, and direct, *see* Fed. R. Civ. P. 8(d)(1), and the paragraphs are not limited to a single set of circumstances, *see* Fed. R. Civ. P. 10(b).

When, as here, a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. Dist. of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom*. *Cooper v. Dist. of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). And "[a] confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer*

*Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). Plaintiff's amended petition falls squarely into this category.

In any event, insofar as plaintiff alleges that his lack of access to federal law libraries has infringed on his constitutional rights, he has failed to state a claim. Indeed, this court is not in a position to explore the parameters of his right of such access to law libraries, because the Supreme Court has already held that there is none. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *see also Woodwall v. United States*, No. 24-cv-1410, 2024 WL 4839396, at *3 (N.D. Ohio Nov. 20, 2024) (explaining same to Woodall, and dismissing another substantially similar lawsuit that he filed in another jurisdiction for failure to state a claim). Simply put, "[e]vents may not have unfolded as plaintiff wished, but his dissatisfaction . . . [does] not form a basis" for a constitutional violation, *Melton v. Dist. of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015).

Accordingly, this matter is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:  June 17, 2025

                                                    /s/
                                        AMIT P. MEHTA
                                United States District Judge